■ AVA-MARIE DEWELL, Respondent, v JAY V. DEWELL, Appellant. [733 NYS2d 114] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Dutchess County (Brands, J.), dated June 9, 2000, which, after a nonjury trial, *inter alia*, (1) directed him to reimburse the plaintiff in the amount of 50% of the marital funds that were used to reduce his separate educational debt, (2) awarded the plaintiff 30% of the value of his medical practice, (3)· directed him to pay 90% of the costs of day care and private education for the parties' children, (4) directed both parties to pay for the future higher educational costs of the children in proportion to their income, and (5) awarded the plaintiff an attorney's fee in the sum of $21,000.

Ordered that the judgment is modified, on the law, by deleting the 33rd and 34th decretal paragraphs thereof directing both parties to pay for the future higher educational costs of the children in proportion to their income; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1994, soon after the defendant finished his residency in general surgery, and before he opened a medical practice in Malone, New York. Before the marriage, the defendant had incurred significant debt as a result of his having attended medical school. Despite having a separate and substantial stock and bond portfolio, he used marital funds to pay off $203,155.83 worth of debt. Under the circumstances of this case, the plaintiff is entitled to an award in the amount of 50% of the marital funds that were used to reduce the defendant's debt incurred to acquire his medical license, which constitutes separate property (*see, Markopoulos v Markopoulos*, 274 AD2d 457; *Micha v Micha*, 213 AD2d 956).

The Supreme Court's directive with regard to the payment of the future higher educational costs of the children is premature (*see, Hamza v Hamza*, 247 AD2d 444).

The defendant's remaining contentions are without merit. Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.