■ JAMES WEISBARD, Appellant-Respondent, v TRACY MISSETT, Respondent-Appellant. [735 NYS2d 153] —In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Westchester County (Montagnino, R.), entered October 17, 2000, which, after a nonjury trial, *inter alia,* directed him to pay child support in the sum of $945.83 per month and to maintain a life insur-

ance policy in the sum of $250,000 to secure payment of his child support obligation, and the defendant cross-appeals from stated portions of the same judgment which, among other things, directed the plaintiff to pay child support in the sum of only $945.83 and to maintain a life insurance policy in the sum of only $250,000 to secure payment of his child support obligation.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Domestic Relations Law § 240 (1-b) (c) provides that in calculating a basic child support obligation, the court, *inter alia*, shall determine the combined parental income and multiply that income up to $80,000 by the appropriate child support percentage, and then allocate that amount between each parent according to their share of the combined parental income. Where the combined parental income exceeds $80,000, the court shall "determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the factors set forth in paragraph (f) of this subdivision and/or the child support percentage" (Domestic Relations Law § 240 [1-b] [c] [3]). If the court does not apply the child support percentage to income above $80,000, it must set forth the factors it considered (*see, Cassano v Cassano,* 85 NY2d 649). Contrary to the defendant's contention, the Referee sufficiently articulated the reasons for applying Domestic Relations Law § 240 (1-b) (f) in calculating the plaintiff's child support obligation, including the substantial disparity in the parties' incomes and that the defendant would enjoy more tax advantages than the plaintiff as a result of the divorce.

The Referee's determination that the plaintiff was to maintain a life insurance policy in the sum of $250,000 to secure his child support obligation was appropriate. "The plain language of [Domestic Relations Law § 236 (B) (8) (a)] expressly provides that life insurance may be used as a means to secure maintenance and child support payments, so that dependent spouses and children will be adequately protected" (*Hartog v Hartog,* 85 NY2d 36, 50).

The parties' remaining contentions are without merit. Florio, J. P., McGinity, Luciano and Schmidt, JJ., concur.