■ Tami J. Newman, Appellant, v Daniel J. Newman, Jr., Respondent. [825 NYS2d 714]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Giacomo, J.), dated June 22, 2006, which, upon a decision dated May 26, 2005, made after a nonjury trial, inter alia, valued the marital residence for purposes of equitable distribution as of the date of commencement of the action and awarded the plaintiff the sum of only $11,456 as her share of the appreciation in the value of the marital residence.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof determining the value of the marital residence as of the commencement date of this action and substituting therefor a provision determining the value of the marital residence as of the date of trial, and (2) by deleting the provision thereof awarding the plaintiff the sum of $11,456 as her share of the appreciation in value of the marital residence and a substituting therefor a provision awarding her the sum of $77,456 as her share; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

A marital residence is generally considered a passive asset which is valued as of the date of the trial (*see Moody v Moody,* 172 AD2d 730 [1991]; *Wegman v Wegman,* 123 AD2d 220, 232 [1986]). This is especially the case where the dramatic increase in the value of real property is attributable to market forces rather than the contributions of either party (*see Collins v Donnelly-Collins,* 19 AD3d 356 [2005]).

In calculating the distributive award, in light of the fact that the defendant was given a credit for the value of his separate property, the plaintiff was entitled to a credit for the defendant's preexisting debt on that property, which became the marital residence (*see Dewell v Dewell,* 288 AD2d 252 [2001]; *Helen A.S. v Werner R.S.,* 166 AD2d 515 [1990]). When this amount is subtracted from the fair market value of the marital residence at the time of the marriage, the defendant was entitled to a credit for the resulting equity, $63,000. When this amount is subtracted from the fair market value of the residence as of the date of trial, minus the mortgage indebtedness as of that date, the result is $154,912, half of which should have been awarded the plaintiff as her equitable share. Adams, J.P., Ritter, Fisher and Covello, JJ., concur.