■ COLLEEN CERAMI, Appellant, v ANTHONY CERAMI, Respondent. (Action No. 1.) ANTHONY CERAMI, Respondent, v COLLEEN CERAMI, Appellant. (Action No. 2.) [845 NYS2d 67]—

In related actions for a divorce and ancillary relief, which were joined for trial, the wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered July 24, 2006, which, after a nonjury trial and upon a decision of the same court entered February 15, 2006, inter alia, declined to award her counsel fees, awarded her only $3,300 per month for suitable housing for herself and the parties' child, awarded her only $2,134.35 per month for child support, and awarded her durational maintenance in the sum of $1,500 per month until the earlier of the closing of the sale of the martial residence or November 30, 2006.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties' prenuptial agreement required the husband to provide "suitable housing (either rented or owned)" for the wife

for so long as the parties' child resided with her. The record supports the trial court's finding that the wife could obtain suitable housing for herself and the child for $3,300 per month. In addition, the court properly deducted the suitable housing allowance from the combined parental income, for the purpose of calculating the husband's child support obligation, to avoid awarding a double shelter allowance (*see Ryan v Ryan*, 186 AD2d 245 [1992]).

We agree with the wife that the husband's retirement accounts constituted voluntarily-deferred income with respect to pension and retirement benefits, pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (iii) (F), for purposes of calculating child support. However, since the court properly considered the factors set forth in Domestic Relations Law § 240 (1-b) (f), in deciding to cap the combined parental income at $225,000, we decline to disturb the child support determination (*see Matter of Cassano v Cassano*, 85 NY2d 649 [1995]).

The duration of an award of maintenance is committed to the discretion of the trial court (*see Herzog v Herzog*, 18 AD3d 707 [2005]). Considering, inter alia, that this was a relatively short marriage, and that the wife is capable of re-entering the work force and becoming self-sufficient, the court's limitation on the duration of the husband's maintenance obligation was proper (*see Goddard v Goddard*, 256 AD2d 545 [1998]).

The award of counsel fees in a matrimonial action is a matter within the discretion of the trial court (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]). Here, the denial of the wife's application for counsel fees was a provident exercise of the trial court's discretion (*see* Domestic Relations Law § 237 [a]). We note that, inter alia, the wife received a $300,000 lump sum payment, as per the prenuptial agreement, as well as an award of $3,300 per month as a tax-free housing allowance to last until the emancipation of the child of the marriage, age four at the time of the judgment.

The wife's remaining contentions are without merit. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.