In the Matter of MARGARET J. MORAN, Appellant, v GEORGE G. GRILLO, Respondent. [843 NYS2d 674]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Simeone, J.), dated November 17, 2006, as denied her objections to so much of an order of the same court (Livrieri, S.M.), dated July 18, 2006, as, after a hearing, directed the father to pay child support in the sum of only $1,321 per month, and directed the father to maintain a life insurance policy in the amount of only $100,000, with the subject child named as beneficiary and the mother as trustee.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying the mother's objection to so much of the order dated July 18, 2006, as directed the father to maintain a life insurance policy in the amount of only $100,000, with the subject child named as beneficiary and the mother as trustee, and substituting therefor a provision sustaining that objection to the extent of directing the father to maintain a life insurance policy in the fixed amount of $150,000, with the subject child named as beneficiary and the mother as trustee, until the child reaches the age of majority; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the order dated July 18, 2006 is modified accordingly.

In determining the amount of child support that a parent must pay under the Child Support Standards Act (Family Ct Act § 413; Domestic Relations Law § 240), the court is required to begin the calculation with the parent's "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]). The court is also permitted, however, to consider current income figures for the tax year not yet completed (*see Matter of Taraskas v Rizzuto*, 38 AD3d 910 [2007]; *Matter of Culhane v Holt*, 28 AD3d 251, 252 [2006]; *Matter of Kellogg v Kellogg*, 300 AD2d 996 [2002]).

Here, the father's 2005 income tax return reflected a gross income of $77,475. Although the income reported on the father's 2004 tax return, $163,605, was significantly higher, the Support Magistrate concluded, based upon testimony that she found to be credible, that the father's 2004 income was unusually high. "Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered" (*Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]; *see Matter of*

*Mahoney v Goggins*, 24 AD3d 668, 669 [2005]). Considering, in addition, the evidence that the father had claimed a portion of his personal expenses as business expenses, the Support Magistrate acted properly within her discretion in determining the father's income for child support purposes to be $100,000.

The Support Magistrate also did not improvidently exercise her discretion in imputing income of $20,000 to the mother, based on her previous employment as a nurse, a real estate agent, and an office employee. In determining a parent's child support obligation, the Family Court is not required to rely upon a party's own account of his or her finances, and may impute income based on that party's past income or demonstrated earning potential (*see Matter of Strella v Ferro*, 42 AD3d 544, 545-546 [2007]; *Matter of Apgar v Apgar*, 37 AD3d 598, 599 [2007]; *Matter of Talero v Talero*, 1 AD3d 522, 523 [2003]).

The father was directed to maintain a policy of insurance on his life in the amount of $100,000. This sum, however, was insufficient. "The plain language of [Domestic Relations Law § 236 (B) (8) (a)] expressly provides that life insurance may be used as a means to secure maintenance and child support payments, so that dependent spouses and children will be adequately protected" (*Hartog v Hartog*, 85 NY2d 36, 50 [1995]). In light of the balance of the father's future child support obligations, the Family Court should have required that the father maintain a life insurance policy in the amount of the total support due until the child reaches the age of majority (*see Corless v Corless*, 18 AD3d 493, 494 [2005]; *Weisbard v Missett*, 289 AD2d 482, 483 [2001]) or a declining term policy that would permit the father to reduce the amount of coverage by the amount of child support actually paid (*see Matter of Anonymous v Anonymous*, 31 AD3d 955, 957 [2006]; *Somerville v Somerville*, 26 AD3d 647, 649-650 [2006]). Considering the amount of child support that the father must pay is $1,321 per month and the fact that his obligation to do so will continue for more than a decade, the amount of the life insurance policy should have been fixed at $150,000, and not $100,000. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.