■ Lari D. Donovan, Respondent, v Christopher R. Szlepcsik, Appellant. [860 NYS2d 585]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Bivona, J.), entered December 29, 2006, which, after a trial, inter alia, awarded him only a 10% interest in the former marital residence and credited him the sum of only $2,600, representing 10% of the net equity in the former marital residence as of May 2002, awarded the plaintiff child support in the sum of $300 a week, child support arrears from May 1, 2001 through January 9, 2005, in the sum of $25,605, child support arrears from January 10, 2005 through November 10, 2005, in the sum of $3,500, and directed that any unreimbursed or uncovered medical expenses incurred on behalf of the parties' unemancipated child be shared equally between the parties.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by (1) deleting from the tenth decretal paragraph thereof the sum of "$2,600.00," and (2) deleting the fourth, fifth, sixth, and eighth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the net equity in the former marital residence as of August 2005 and the defendant's 10% share thereof and for a recalculation of the child care expenses, child support, child support arrears, and unreimbursed or uncovered medical expenses incurred on behalf of the parties' unemancipated child which the defendant is obligated to pay in accordance with the Child Support Standards Act; and it is further,

Ordered that pending the new determination, the defendant shall pay child support to the plaintiff in the sum of $300 per week.

A trial court generally has discretion as to the appropriate valuation dates for various assets, upon consideration of all the relevant facts and circumstances (see Domestic Relations Law

§ 236 [B] [4] [b]; *McSparron v McSparron*, 87 NY2d 275, 287 [1995]; *D'Angelo v D'Angelo*, 14 AD3d 476 [2005]). However, because a marital residence is generally considered a passive asset, a valuation date as close to the trial date as practicable should be employed (*see Newman v Newman*, 35 AD3d 418, 419 [2006]; *Collins v Donnelly-Collins*, 19 AD3d 356, 357 [2005]; *Moody v Moody*, 172 AD2d 730, 731 [1991]). This is especially true where the dramatic increase in the value of real property is attributable to market forces rather than the contributions of either party (*see Newman v Newman*, 35 AD3d at 419). Here, the trial court erred in employing a May 2002 valuation for the former marital residence since it had before it a valuation made in August 2005, only three months before the trial, and uncontradicted evidence that the residence's increased market value resulted solely from market forces. Further, inasmuch as the amount of the outstanding existing mortgage as of August 2005 is not clearly set forth in the record, we remit the matter to the Supreme Court, Suffolk County, for a recalculation of the net equity in the marital home as of August 2005 and the 10% interest therein to which the defendant is entitled.

In awarding the plaintiff child support in the sum of $300 a week, the court did not adhere to the "precisely articulated, three-step method for determining child support" (*Matter of Cassano v Cassano*, 85 NY2d 649, 652, 655 [1995]) set forth in the Child Support Standards Act (hereinafter the CSSA) (Domestic Relations Law § 240 [1-b] [b] [3]; [c] [2]-[3]; *see Holterman v Holterman*, 3 NY3d 1, 10-11 [2004]). Accordingly, we also remit to the Supreme Court, Suffolk County, for a recalculation of the child care expenses, child support, child support arrears, and unreimbursed or uncovered medical expenses incurred on behalf of the parties' unemancipated child which the defendant is obligated to pay in accordance with the CSSA (*see Irene v Irene*, 41 AD3d 1179, 1181 [2007]).

Further, the Supreme Court erred in failing to make its award of permanent child support retroactive to the date the plaintiff served her summons with notice containing a request for child support (*see* Domestic Relations Law § 236 [B] [7] [a]; *Burns v Burns*, 84 NY2d 369, 377 [1994]; *Sherman v Sherman*, 304 AD2d 744, 745 [2003]).

The defendant's remaining contentions are without merit. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.