■ Ross J. Charap, Respondent, v Beverly A. Willett, Appellant. [924 NYS2d 433]—

In an action for a divorce and ancillary relief, the defendant former wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Kings County (Morgenstern, J.), dated March 30, 2009, which, upon a decision of the same court dated February 25, 2009, made after a nonjury trial, inter alia, only awarded her the sum of $5,000 per month in durational maintenance for two years, only awarded her the sum of $3,859.34 per month in child support, and distributed the marital assets.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in 1982. There are two children of the marriage, born in 1990 and 1995, respectively. The former husband left the marital residence in December 2002. On or about March 17, 2003, the former husband commenced this action for a divorce and ancillary relief. After a nonjury trial on

grounds for divorce, the Supreme Court determined that the former husband failed to prove his alleged grounds for divorce.

On May 7, 2007, the parties entered into a "Stipulation as to Custody, Decision-Making and Parental Access," and the former wife filed an amended answer containing a counterclaim for divorce on the ground of cruel and inhuman treatment. The former husband waived his reply and, while neither admitting or denying the allegations, consented to the former wife obtaining a divorce on that ground. After an inquest, the divorce was granted, but entry of the divorce judgment was held in abeyance pending the resolution of ancillary issues. The matter was transferred for trial on the remaining financial issues.

After a nonjury trial, the Supreme Court, inter alia, distributed the marital estate and directed the former husband to pay the former wife durational maintenance in the sum of $5,000 per month for two years. The court also imputed income to the former wife for child support purposes, prorated the parties' obligations, and directed the former husband to pay the former wife the sum of $3,859.34 per month in child support, plus direct payments of the children's college expenses and other add-ons. The former wife appeals from stated portions of the judgment of divorce. We find her contentions without merit, and affirm the judgment insofar as appealed from.

Contrary to the former wife's contention, she was not deprived of a fair trial. The Supreme Court has broad discretion to limit repetitious, collateral, or clearly irrelevant testimony and cross-examination (*see People v Martin*, 42 NY2d 882, 883 [1977]; *Matter of Metropolitan Transp. Auth. [Fulton St. Tr. Ctr. Project Phase 2]*, 81 AD3d 434 [2011], *lv denied* 16 NY3d 713 [2011]; *People v Stevens*, 45 AD3d 610, 611 [2007]). The former wife's allegations of bias are without merit (*see Allison v Allison*, 60 AD3d 711 [2009]; *Pourooshasb v Pourooshasb*, 4 AD3d 404, 405 [2004]).

" ' "[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" ' " (*DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008], quoting *Wortman v Wortman*, 11 AD3d 604, 606 [2004]). "Maintenance is designed to give the spouse economic independence and should continue only as long as is required to render the recipient self-supporting" (*Schenfeld v Schenfeld*, 289 AD2d 219, 220 [2001] [citations omitted]; *Palestra v Palestra*, 300 AD2d 288, 289 [2002]). " 'In determining the appropriate amount and duration of maintenance, the court is required to consider, among other factors, the standard of living of the parties during the marriage and the present and

future earning capacity of both parties (*see* Domestic Relations Law § 236 [B] [6] [a] [citations omitted])' " (*DiBlasi v DiBlasi*, 48 AD3d at 404, quoting *Haines v Haines*, 44 AD3d 901, 902 [2007]).

The Supreme Court properly rejected the former wife's request for lifetime maintenance. First, a purported agreement dated March 19, 2001, which provided, inter alia, that the former wife would not be required to work outside the family home during a divorce, is ambiguous as to duration and, in any event, is not enforceable (*see* Domestic Relations Law § 236 [B] [3]). Moreover, the former wife is an attorney who practiced law for almost 20 years and is capable of earning a significant salary. Given her skills, experience, and the children's mature ages, the Supreme Court appropriately limited maintenance to the sum of $5,000 per month for a period of two years (*see Junkins v Junkins*, 238 AD2d 480 [1997]; *Timperio v Timperio*, 232 AD2d 857, 860 [1996]; *Miller v Miller*, 201 AD2d 542, 544 [1994], *amended on other grounds* 208 AD2d 812 [1994]).

The Supreme Court providently imputed $200,000 per year in income to the former wife for child support purposes. " 'Child support is determined by the parents' ability to provide for their child rather than their current economic situation' " (*Kalish v Kalish*, 289 AD2d 202, 202 [2001], quoting *Matter of Zwick v Kulhan*, 226 AD2d 734, 734 [1996]). "In determining a party's child support obligation, the court 'need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential' " (*Matter of Strella v Ferro*, 42 AD3d 544, 546 [2007], quoting *Matter of Westenberger v Westenberger*, 23 AD3d 571, 571 [2005]). Courts are afforded considerable discretion in determining whether to impute income to a parent (*see Matter of Thompson v Perez*, 42 AD3d 503, 504 [2007]). Here, given the former wife's education, experience, and salary history, the imputed sum was supported by the record. Further, the court properly considered the statutory factors in capping the combined parental income at $300,000 for child support purposes, and there is no basis in this record for disturbing its determination (*see* Domestic Relations Law § 240 [1-b] [c] [3]; [f]; *Cerami v Cerami*, 44 AD3d 815, 816 [2007]).

We find that the Supreme Court properly exercised its broad discretion in determining equitable distribution, and there is no basis in this record for disturbing its determination (*see Davis v O'Brien*, 79 AD3d 695, 696 [2010]; *Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]). The Supreme Court providently awarded the former wife only 10% of the value of the former husband's

law practice. The former wife made only indirect contributions to the former husband's career and was herself employed as an attorney for most of the marriage (*see Giokas v Giokas*, 73 AD3d 688, 690 [2010]; *cf. Ciampa v Ciampa*, 47 AD3d 745, 746 [2008]).

The Supreme Court providently exercised its discretion in denying the former wife's application for counsel fees, as she received a large distributive award and has a substantial earning capacity (*see Dempster v Dempster*, 236 AD2d 582 [1997]; *Rodgers v Rodgers*, 98 AD3d 386, 393 [1983]).

The security provided was sufficient (*see* Domestic Relations Law § 236 [B] [8] [a]).

The former wife's remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.