■ NANCY SISKIND, Respondent, v JEFFREY SISKIND, Appellant. [933 NYS2d 60]—

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]). In determining the amount and duration of an award of maintenance, the Supreme Court "must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance" (*Giokas v Giokas*, 73 AD3d 688, 689 [2010]).

Contrary to the defendant's contentions, the amount and duration of maintenance awarded to the plaintiff by the Supreme Court was consistent with the purpose and function of maintenance in light of the plaintiff's education, work history, and ability to be self-supporting, and the parties' predivorce standard of living (*see Hartog v Hartog*, 85 NY2d 36 [1995]; *Giokas v Giokas*, 73 AD3d at 689; *Kriftcher v Kriftcher*, 59 AD3d 392, 393-394 [2009]; *cf. Charap v Willett*, 84 AD3d 1000, 1001-1002 [2011]). However, in light of the parties' ages as well as their respective financial circumstances, the Supreme Court should have awarded the plaintiff $65,000 per year in maintenance until the earliest of her attainment of her 65th birthday, her remarriage, or her death (*see* Domestic Relations Law § 236 [B] [1] [a]; *Baron v Baron*, 71 AD3d 807, 810 [2010]). In addition, there was insufficient evidence justifying the Supreme Court's direction that maintenance be nontaxable to the plaintiff, which is "a departure from the norm envisioned by current Internal Revenue Code provisions" (*Grumet v Grumet*, 37 AD3d 534, 536 [2007]).

Child support is determined by the parents' ability to provide for their child rather than their current economic situation (*see*

*Charap v Willett*, 84 AD3d at 1002). The court is not required to rely on a party's account of his or her finances, and may instead impute income based on the party's past income or demonstrated earning potential. Courts are afforded considerable discretion in determining whether to impute income to a parent (*see Charap v Willett*, 84 AD3d at 1002). Here, based on the evidence in the record, including the trial testimony, the defendant's financial records, and the tax returns of the parties and the defendant's businesses, the Supreme Court providently imputed income to the defendant and calculated the amount of child support by applying the statutory percentage of 17% to all of the defendant's income, which was $199,655, for child support purposes (*see* Domestic Relations Law § 240 [1-b] [b] [3] [i]; [c] [2], [3]; [f] [2]; *Charap v Willett*, 84 AD3d at 1002).

The Supreme Court correctly required the defendant to obtain and maintain a life insurance policy in order to secure his maintenance and child support obligations (*see* Domestic Relations Law § 236 [B] [8] [a]; *Hartog v Hartog*, 85 NY2d at 50; *Baron v Baron*, 71 AD3d at 810). However, in view of those obligations, the amount of insurance that the defendant must maintain should be reduced from the sum of $4,000,000 to the sum of $3,000,000.

In view of the relative financial circumstances of the parties, their ability to pay, the nature and extent of the services rendered, the complexity of the defendant's business endeavors, and the fact that the defendant litigated the issue of custody and visitation of the parties' daughter until it was settled by stipulation during the trial, the Supreme Court did not improvidently exercise its discretion in awarding an attorney's fee in the sum of $340,000 to the plaintiff (*see* Domestic Relations Law § 237 [a]; *Aloi v Simoni*, 82 AD3d 683, 686-687 [2011]; *Quinn v Quinn*, 73 AD3d 887 [2010]; *cf. Charap v Willett*, 84 AD3d at 1003; *Grumet v Grumet*, 37 AD3d at 536-537).

" 'Modifications of pendente lite awards should be sparingly made and then only under exigent circumstances such as where a party is unable to meet his or her own needs, or the interests of justice otherwise require relief' " (*Levine v Levine*, 19 AD3d 374, 376-377 [2005], quoting *Campanaro v Campanaro*, 292 AD2d 330, 331 [2002]). The defendant's testimony and the evidence adduced at the trial indicate that he " 'had the resources available to sufficiently provide for his family as established in the pendente lite award' " of maintenance and child support (*Lueker v Lueker*, 72 AD3d 655, 659 [2010], quoting *Krigsman v Krigsman*, 288 AD2d 189, 191 [2001]). Thus, the Supreme Court correctly denied the defendant's motion, made during trial, for

a downward modification of his pendente lite child support and maintenance obligations.

The defendant's remaining contentions are without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur.