REGINA SOTNIK, Respondent, v SERGEY ZAVILYANSKY, Appellant. [956 NYS2d 514]—

In determining the length of time that a custodial parent should be granted exclusive occupancy of the former marital residence, the appropriate consideration involves an appropriate balancing of " 'the need of the custodial parent to occupy the marital residence . . . against the financial need of the parties' " (*Gahagan v Gahagan*, 76 AD3d 538, 540 [2010], quoting *Goldblum v Goldblum*, 301 AD2d 567, 568 [2003]; *see Mosso v Mosso*, 84 AD3d 757, 760 [2011]). Under the circumstances of this case, the Supreme Court should have awarded the plaintiff exclusive occupancy of the former marital residence only until the parties' son attains the age of 18 years, rather than until he turns 21 years old (*see Mosso v Mosso*, 84 AD3d at 760; *Gahagan v Gahagan*, 76 AD3d 538 [2010]; *Cabeche v Cabeche*, 10 AD3d 441 [2004]; *Waldmann v Waldmann*, 231 AD2d 710 [1996]).

" 'A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings' " (*Haagen-Islami v Islami*, 96 AD3d 1004, 1005 [2012], quoting *Duffy v Duffy*, 84 AD3d 1151, 1151-1152 [2011]; *see Cusumano*

*v Cusumano*, 96 AD3d 988, 989 [2012]). " 'The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives' " (*Haagen-Islami v Islami*, 96 AD3d at 1005, quoting *Duffy v Duffy*, 84 AD3d at 1152). Here, given the defendant's earning history from his private medical corporations, his current employment as a medical doctor, and his other income from his associations with Kingsbrook Medical Center, the Supreme Court providently exercised its discretion in imputing an annual income to the defendant of $135,000 for the purpose of calculating his child support obligation.

As the defendant correctly contends, the Supreme Court should have directed that his child support obligation be decreased by the amount of any college room and board expenses he incurs while the parties' child attends college (*see Ayers v Ayers*, 92 AD3d 623, 625 [2012]; *Matter of Levy v Levy*, 52 AD3d 717, 718 [2008]; *Reinisch v Reinisch*, 226 AD2d 615 [1996]).

The Supreme Court should have allowed the defendant to secure his child support obligations by maintaining a declining term policy of life insurance rather than requiring him to maintain the existing policy coverage of $1,400,000 (*see Jayaram v Jayaram*, 62 AD3d 951, 954 [2009]; *Matter of Moran v Grillo*, 44 AD3d 859, 861 [2007]; *see also Matter of Anonymous v Anonymous*, 31 AD3d 955, 957 [2006]).

In making its equitable distribution award, the Supreme Court credited the plaintiff the sum of $124,876 based on what it termed the defendant's "wasteful dissipation" of marital property. This included $50,000 that the defendant used to retain an attorney in connection with his medical license, which license constituted separate property since he obtained it prior to the marriage (*see* Domestic Relations Law § 236 [B] [1] [d] [1]; *Dewell v Dewell*, 288 AD2d 252 [2001]). However, since the $50,000 was marital property, the plaintiff should have been credited only one half of that sum, or $25,000 (*see Khan v Ahmed*, 98 AD3d 471, 473 [2012]; *Dewell v Dewell*, 288 AD2d at 252). The $124,876 credit also included the sum of $11,645 representing the amount the defendant had withdrawn from a joint business account, and the sum of $1,231 representing marital funds used by the defendant to pay for an application for a Florida medical license. Since these were marital funds, the Supreme Court should have credited the plaintiff with only one half of these amounts as well (*see* Domestic Relations Law § 236 [B] [1] [c]; *Marshall v Marshall*, 91 AD3d 610, 611 [2012]; *cf. Dewell v Dewell*, 288 AD2d at 252).

Under the circumstances of this case, where the defendant's contribution to the plaintiff's attainment of her medical license was de minimis, the Supreme Court providently exercised its discretion in determining that the defendant was not entitled to any distributive share of the plaintiff's enhanced earning capacity from her medical license (*see Cabeche v Cabeche*, 10 AD3d 441 [2004]; *see also Esposito-Shea v Shea*, 94 AD3d 1215, 1218 [2012]).

The award of counsel fees to the plaintiff was a provident exercise of discretion (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Levy v Levy*, 289 AD2d 379, 380 [2001]; *Krutyansky v Krutyansky*, 289 AD2d 299, 300 [2001]; *Ferina v Ferina*, 286 AD2d 472, 475 [2001]).

The defendant's remaining contentions are without merit. Mastro, J.P., Lott, Austin and Cohen, JJ., concur.