In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Richmond County (De Lizzo, Ct. Atty. Ref.), entered March 21, 2013, which, upon a decision of the same court dated June 12, 2012, made after a nonjury trial, inter alia, imputed to him an annual income of $102,000 for the purpose of calculating his child support obligation, awarded the plaintiff maintenance in the sum of $1,500 per month until the earlier of her attaining the age of 62, her remarriage, or her death, directed him to secure his maintenance and child support obligations by maintaining a life insurance policy with a death benefit in the sum of $500,000, and awarded the plaintiff the sum of $35,993.37 in counsel fees.
*748 Ordered that on the Court’s own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the judgment (see CPLR 5520 [c]); and it is further,
Ordered that the judgment is modified, on the law, by adding a provision thereto stating that the defendant’s life insurance obligation shall terminate upon the termination of his maintenance and child support obligations; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
“ ‘[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts’ ” (Marley v Marley, 106 AD3d 961, 962 [2013], quoting Siskind v Siskind, 89 AD3d 832, 833 [2011]). In determining the amount and duration of an award of maintenance, the Supreme Court “must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance” (Giokas v Giokas, 73 AD3d 688, 689 [2010]; see Hartog v Hartog, 85 NY2d 36, 51-52 [1995]; Marley v Marley, 106 AD3d at 962; Siskind v Siskind, 89 AD3d at 833; Litvak v Litvak, 63 AD3d 691 [2009]). Here, the Supreme Court properly considered the relevant factors, which included the long duration of the marriage, the disparity in the parties’ incomes, the plaintiff’s limited earning potential, the plaintiffs limited assets, the insignificant distributive award, and the parties’ predivorce standard of living, and providently exercised its discretion in awarding the plaintiff maintenance in the sum of $1,500 per month until the earlier of the plaintiff attaining the age of 62, her remarriage, or her death (see Levitt v Levitt, 97 AD3d 543, 544 [2012]; Siskind v Siskind, 89 AD3d at 833; Litvak v Litvak, 63 AD3d at 691-692).
“A court need not rely upon a party’s own account of his or her finances, but may impute income based upon the party’s past income or demonstrated future potential earnings” (Haagen-Islami v Islami, 96 AD3d 1004, 1005 [2012] [internal quotation marks omitted]; see Patete v Rodriguez, 109 AD3d 595, 599 [2013]; Sotnik v Zavilyansky, 101 AD3d 1102, 1103 [2012]; Cusumano v Cusumano, 96 AD3d 988, 989 [2012]). “The court may impute income to a party based on his or her employment history, future earning capacity, educational background, *749 or money received from friends and relatives” (Haagen-Islami v Islami, 96 AD3d at 1005 [internal quotation marks omitted]; see Sotnik v Zavilyansky, 101 AD3d at 1104). Contrary to the defendant’s contention, the Supreme Court did not improvidently exercise its discretion in imputing his 2008 reported income to him for the purpose of determining his child support obligation, as that amount was reflective of his “past income” and “demonstrated earning potential” (Siskind v Siskind, 89 AD3d at 833-834; see Cusumano v Cusumano, 96 AD3d at 989).
“The plain language of [Domestic Relations Law § 236 (B) (8) (a)] expressly provides that life insurance may be used as a means to secure maintenance and child support payments, so that dependent spouses and children will be adequately protected” (Hartog v Hartog, 85 NY2d at 50). In the absence of any evidence at trial that the defendant is currently uninsurable due to a preexisting medical condition, the Supreme Court providently exercised its discretion in directing the defendant to maintain a life insurance policy to secure his maintenance and child support obligations (see Miceli v Miceli, 78 AD3d 1023, 1026 [2010]). However, the judgment must be modified to provide that the defendant’s life insurance obligation shall terminate upon the termination of his maintenance and child support obligations (see Penna v Penna, 29 AD3d 970, 972 [2006]).
The defendant’s remaining contentions are without merit.
Eng, EJ., Rivera, Roman and LaSalle, JJ., concur.