Appeals from so much of a corrected decision and order (one paper) of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated July 21, 2014, as constitutes an order, and stated portions of two orders of that court dated January 12, 2015, and February 5, 2015, respectively. The portion of the corrected decision and order dated July 21, 2014, which constitutes an order, inter alia, granted that branch of the plaintiff’s motion which was to direct the defendant to pay outstanding arrears on the parties’ mortgage. The order dated January 12, 2015, inter alia, denied that branch of the defendant’s motion which was to permit further discovery in the action. The order dated February 5, 2015, inter alia, denied the defendant’s motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue his opposition to the plaintiff’s motion, inter alia, to direct him to pay outstanding arrears on the parties’ mortgage.
 

 Ordered that the appeal from the order dated February 5, 2015, is dismissed, as no appeal lies from an order denying re-argument; and it is further,
 

 Ordered that the portion of the corrected decision and order dated July 21, 2014, which constitutes an order is affirmed insofar as appealed from; and it is further,
 

 Ordered that the order dated January 12, 2015, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The parties were married in 2000, and the plaintiff commenced this action for a divorce and ancillary relief in 2012. After the action was commenced, the parties continued dividing expenses between them in the same manner as they had during the marriage, with the defendant paying the mortgage on the marital residence and the plaintiff paying other expenses. In June 2013, the defendant ceased making full mortgage payments, even though his financial circumstances had not changed, while the plaintiff continued to pay the expenses for which she had assumed responsibility. Upon motion by the plaintiff, the Supreme Court did not improvidently exercise its discretion in determining that the defendant should pay the mortgage arrears that had accrued due to his failure to make full mortgage payments (see Gillman v Gillman, 139 AD3d 667, 670 [2016]).
 

 The defendant’s remaining contentions are either without merit or not properly before this Court.
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.