Matter of Lozaldo v Cristando (2018 NY Slip Op 06015)





Matter of Lozaldo v Cristando


2018 NY Slip Op 06015


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07834
 (Docket No. F-08332-13)

[*1]In the Matter of Edwin Lozaldo, et al., respondents,
v
Robert Cristando, appellant.


Curtis R. Exum, Hauppauge, NY, for appellant.
Jeffrey S. Schecter & Associates, P.C., Garden City, NY (Kara K. Miller of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated June 27, 2017. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Patricia Bannon, S.M.) dated March 24, 2017, as, after a hearing, directed him to pay 100% of the subject children's unreimbursed medical and educational expenses, and to maintain a life insurance policy in the sum of $1,000,000, designating the children as irrevocable primary beneficiaries.
ORDERED that the order dated June 27, 2017, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the father's objection to so much of the order dated March 24, 2017, as directed him to maintain a life insurance policy in the sum of $1,000,000, designating the subject children as irrevocable primary beneficiaries, and substituting therefor a provision granting that objection to the extent of directing the father to maintain a life insurance policy in the sum of $750,000, designating the children as irrevocable primary beneficiaries and otherwise denying that objection; as so modified, the order dated June 27, 2017, is affirmed insofar as appealed from, without costs or disbursements, and the order dated March 24, 2017, is modified accordingly.
The petitioners are the maternal aunt and uncle of the subject children. They were awarded residential custody of the children after the death of the mother, and share joint legal custody with the father. The petitioners commenced this proceeding for child support from the father. After a hearing, the Support Magistrate entered an order of support dated March 24, 2017, which, inter alia, required the father to pay 100% of the children's unreimbursed medical and educational expenses, and to maintain a life insurance policy in the sum of $1,000,000, designating the children as irrevocable primary beneficiaries. The father objected to these provisions of the order of support, and in the order appealed from, the Family Court denied his objections. The father appeals.
We agree with the Family Court's denial of the father's objection to the provision requiring him to pay 100% of the children's medical and educational expenses. Family Court Act § 413(1)(a) provides that "the parents of a child under the age of [21] years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, shall be [*2]required to pay for child support a fair and reasonable sum as the court may determine" (emphasis added). The statute does not require a third party who is not a parent to financially support a child.
Courts have employed the doctrine of equitable estoppel, sometimes in conjunction with that of implied contract, to hold parties responsible for paying child support in the absence of a biological or adoptive connection to the subject child or an established parent-child relationship where, among other things, those parties agreed to adopt the child (see Matter of H.M. v E.T., 76 AD3d 528; Wener v Wener, 35 AD2d 50). However, such circumstances do not exist here. The petitioners have not stated any intention or taken any steps to adopt the children. The fact that the petitioners have residential custody and joint legal custody of the children does not relieve the father of his obligation pursuant to Family Court Act § 413(1)(a), as the children's parent, to financially support them. The record shows that the father has the means to provide support for the children, and the Family Court properly found him to be responsible for 100% of their unreimbursed medical and educational expenses.
We agree with the Supreme Court's determination requiring the father to maintain a life insurance policy to secure his child support obligations (see Siskind v Siskind, 89 AD3d 832; Matter of Moran v Grillo, 44 AD3d 859, 860). However, in view of those obligations, the amount of insurance that the father must maintain should be reduced from the sum of $1,000,000 to the sum of $750,000.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court