■ IRA GOLDMAN, Appellant, v BERNADETTE GOLDMAN, Respondent. [670 NYS2d 521] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Ort, J.), entered January 16, 1997, which, after a non-jury trial, *inter alia,* (1) awarded the wife maintenance in the amount of $80 per week for six years, (2) directed him to maintain in full force and effect the existing medical and hospitalization insurance now in place for the wife, or pay her the equivalent cost thereof for a period of six years, (3) directed him to pay 65.9% of all costs of the parties' son's medical, dental, pharmaceutical, psychiatric or psychological care, and hospitalization not covered by insurance, (4) calculated his child support obligation to be $170 per week, and (5) granted the wife a distributive award of $210,308.

Ordered that the judgment is modified by (1) deleting from the fifth decretal paragraph the provisions requiring the husband to pay (a) child support in the amount of $170 per week and (b) 65.9% of all costs of the parties' son's medical, dental, pharmaceutical, psychiatric or psychological care, and hospitalization not covered by insurance, (2) deleting from subdivision (d) of the tenth decretal paragraph the sum of $70,725 and substituting therefor the sum of $96,455.74, and (3) deleting from subdivision (e) of the tenth decretal paragraph the sum of $210,308 and substituting therefor the sum of $184,577.26; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for a redetermination of the parties' respective child support obligations and pro rata shares of the child's medical expenses.

Domestic Relations Law § 240 (1-b) (c) provides, *inter alia,* that in determining the amount of the basic child support obligation, the court shall: (1) determine the combined parental income, (2) multiply the combined parental income up to $80,000 by the appropriate child support percentage, and prorate that amount in the same proportion as each parent's income is to the combined parental income, and (3) where the combined parental income exceeds $80,000, determine the amount of child support by considering facts set forth in Domestic Relations Law § 240 (1-b) (f) and/or the appropriate child support percentage (*see, Manno v Manno,* 196 AD2d 488,

490). If the court does not apply the formula to income above $80,000, it must set forth in its order the factors it considered (*see, Matter of Cassano v Cassano,* 85 NY2d 649).

Here, in determining the child support obligation, the court only considered the parties' combined parental income up to $80,000, and failed to make any finding at all as to the income above $80,000. As a result, the matter is remitted for a new determination of child support. In recalculating the child support award, the trial court should reduce the husband's income by the amount of maintenance paid to the wife, prior to determining the husband's child support obligation, and direct a concomitant increase in the child support obligation upon the termination of the maintenance obligation (*see, Lekutanaj v Lekutanaj,* 234 AD2d 429; *Polychronopoulos v Polychronopoulos,* 226 AD2d 354, 356). After recalculating the child support obligation, the court should prorate each parent's share of future reasonable health care expenses of the child not covered by insurance in the same proportion as each parent's income is to the combined parental income.

We agree with the husband that the court erred in its distribution of the escrow funds in that it twice deducted both the $18,920 judgment for arrears and the $5,000 judgment for counsel fees. As a result, the husband should be given a credit of $11,960, representing one-half of those moneys, since the initial deduction was taken from the escrow funds prior to distribution, which resulted in the wife erroneously paying one-half of the husband's obligation.

The appreciation of the funds in the husband's IRA was not marital property, since such value accrued by virtue of the interest paid on the principal in the account and as such was clearly a passive appreciation (*see, Price v Price,* 69 NY2d 8, 15). As a result, the husband is given a credit for $11,956.79, to be deducted from the wife's share of the escrow proceeds.

The court erred in awarding the wife support arrears in the sum of $4,500, since the evidence adduced at trial indicated that the amount of arrears was $3,000. Thus, the husband is given a credit of $1,500, to be deducted from the wife's share of the escrow funds.

The court erred in awarding the wife $16,247 for outstanding medical expenses, since the record indicates that the amount of money due for these expenses was only $15,933. Thus, the husband is given a credit of $314, to be deducted from the wife's share of the escrow proceeds.

The husband's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.