STEVEN M. SCHMIDT, Appellant, v JUDY L. SCHMIDT, Respondent. [695 NYS2d 119] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated May 11, 1998, as incorporated so much of an order of the same court dated April 3, 1998, as directed that the parties' stipulation of settlement provided that the plaintiff's child support obligation was to be determined without first deducting his maintenance payments and the carrying costs of health care coverage for the defendant from his adjusted gross income.

Ordered that the judgment is modified by deleting so much of the third decretal paragraph thereof as incorporated so much of the order dated April 3, 1998, as directed that the plaintiff's child support obligation was to be determined without first deducting his maintenance payments and substituting therefor

a provision directing that pursuant to the parties' stipulation of settlement the plaintiff's child support obligation is to be determined in accordance with the Child Support Standards Act guidelines; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, the order dated April 3, 1998, is modified accordingly, and the matter is remitted to the Supreme Court, Orange County, for a redetermination of the plaintiff's child support obligation in accordance herewith.

The plaintiff correctly contends that the Supreme Court erred in failing to deduct his maintenance obligation from his gross income before calculating his child support obligation as required by the Child Support Standards Act (hereinafter the CSSA). The relevant provision of the parties' stipulation of settlement reads, "[t]he husband shall pay for child support the amount of support pursuant to the guidelines set out by the State of New York [CSSA]. It currently appears to be $1,400 per month and the husband will provide the wife's attorney and the court with the latest pay stub at the time that the papers are submitted". This provision clearly states that the plaintiff's child support obligation is to be determined pursuant to New York State guidelines. Pursuant to the CSSA, the court must deduct the plaintiff's maintenance obligation from his income prior to the calculation of child support (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *see also, Goldman v Goldman,* 248 AD2d 590; *Frei v Pearson,* 244 AD2d 454; *Lekutanaj v Lekutanaj,* 234 AD2d 429, 431). The addition of an estimated payment in the stipulation of settlement which allegedly approximates a payment derived by the inclusion of maintenance is insufficient to glean an intent to include maintenance in calculating child support in derogation of the CSSA guidelines. Accordingly, the matter is remitted for a new determination of the plaintiff's child support obligation.

However, contrary to the plaintiff's contention, the CSSA guidelines do not mandate the reduction of his income by the carrying costs of health care coverage for the defendant prior to the calculation of his child support obligation. Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.