■ In the Matter of LISA LEWIS, Appellant, v FRANCIS A. REDHEAD, Respondent. [774 NYS2d 62]—

In a support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Grosvenor, J.), dated January 7, 2003, which, inter alia, denied her objections to an order of the same court (Fasone, H.E.), dated July 15, 2002, which, among other things, in effect, denied her application for child care expenses.

Ordered that the order is modified by deleting the provision thereof denying the appellant's objections to so much of the order dated July 15, 2002, as, in effect, denied her application for child care expenses, and the matter is remitted to the Family Court, Kings County, to determine the respondent's pro rata share of child care expenses in accordance with Family Court Act § 413 (1) (c) (4); as so modified, the order is affirmed, without costs or disbursements.

Family Court Act § 413 (1) (c) (4) provides that "[w]here the custodial parent is working . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income" (*see also Matter of Jimenez v Jimenez,* 222 AD2d 589 [1995]). A parent's pro rata share of child care expenses is predicated upon the custodial parent (*Matter of Nolan v Nolan,* 215 AD2d 795, 796 [1995]; *Koczaja v Koczaja,* 195 AD2d 693, 695 [1993]).

It is undisputed that the petitioner, the custodial parent, is employed full time. There was testimony elicited as to the cost of the child care program and that the petitioner appeared to be in compliance with her payments. Under such circumstances, it was error for the hearing examiner to conclude, inter alia, that the petitioner's failure to provide cancelled checks acted as a bar to an award of child care costs in her favor.

However, on the record before us, the parties' respective incomes at the time of the petitioner's application for child care expenses cannot be determined. Accordingly, we remit the matter to the Family Court, Kings County, for a determination of the respondent's pro rata share of child expenses care in accordance with Family Court Act § 413 (1) (c) (4).

The petitioner's remaining contentions are without merit. Santucci, J.P., S. Miller, Schmidt and Rivera, JJ., concur.