■ In the Matter of Rasheid Maria Maharaj-Ellis, Respondent, v Daniel Laroche, Appellant. [863 NYS2d 258]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Krauss, J.), dated January 2, 2008, which denied his objections to an order of the same court (Fasone, S.M.), dated July 18, 2007, granting the mother's petition for an upward modification of his child support obligation.

Ordered that the order is affirmed, with costs.

Family Court Act § 413 (1) (b) (5) (i) defines "income" as gross income reported in the most recent federal tax return, but gives the Family Court discretion to impute other sources of income to the parent. A parent's child support obligation is determined by his or her ability to support the child, and not necessarily by the parent's current economic situation (*see Matter of Collins v Collins,* 241 AD2d 725, 727 [1997]). The Family Court may impute income to a parent based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives (*id.*). "A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed" (*Rohrs v Rohrs,* 297 AD2d 317, 318 [2002]). "This is particularly true when . . . the record supports a finding that the appellant's reported income on his [or her] tax return is suspect" (*Matter of Westenberger v Westenberger,* 23 AD3d 571 [2005]).

Here, based on the tax documents submitted by the father and his testimony at the hearing, the Family Court providently exercised its discretion in imputing to him an adjusted gross

income in the sum of $212,555.37. The court further providently exercised its discretion in applying the statutory child support percentage to the total sum of $272,550.38 in combined parental income (see DeVries v DeVries, 35 AD3d 794, 796 [2006]; Kaplan v Kaplan, 21 AD3d 993 [2005]). Lastly, the court providently exercised its discretion in determining that the father should pay a portion of the child's ice skating expenses, where the evidence demonstrated that she had a special aptitude for the sport (see Wacholder v Wacholder, 188 AD2d 130 [1993]). Mastro, J.P., Dillon, Eng and Belen, JJ., concur.