■ In the Matter of ANTHONY AZRAK, Appellant, v CATHLENE AZRAK, Respondent. [876 NYS2d 439]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Klein, J.), entered April 4, 2008, which denied his objections to so much of an order of the same court (Cabanillas-Thompson, S.M.), entered October 2, 2007, as, after a hearing, directed him to pay child support in the semimonthly sum of $3,889.

Ordered that the order entered April 4, 2008, is affirmed, with costs.

In determining a parent's support obligation under the Child Support Standards Act (Family Ct Act § 413; Domestic Relations Law § 240), the court is required to begin its calculation with the parent's gross income "as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]). The court is also permitted to consider current income figures for the tax year not yet completed (*see Matter of Moran v Grillo,* 44 AD3d 859, 860 [2007]; *Matter of Culhane v Holt,* 28 AD3d 251 [2006]; *Matter of Kellogg v Kellogg,* 300 AD2d 996 [2002]). However, "[a] parent's child support obligation is determined by his or her ability to support the child, and not necessarily by the parent's current economic situation" (*Matter of Maharaj-Ellis v Laroche,* 54 AD3d 677, 677 [2008]; *see Fruchter v Fruchter,* 29 AD3d 942, 943 [2006]). Thus, the Family Court may impute income to a parent based, inter alia, upon his or her employment history and demonstrated earning capacity (*see Matter of Maharaj-Ellis v Laroche,* 54 AD3d 677 [2008]; *Matter of Solis v Marmolejos,* 50 AD3d 691, 692 [2008]; *Bittner v Bittner,* 296 AD2d 516, 517 [2002]).

Contrary to the father's contention, the Family Court providently exercised its discretion in calculating his child support obligation upon an imputed income of $327,970 per year. It is undisputed that the father's gross income in the tax year preceding the hearing was $321,970, and that his past earnings over a 10-year period averaged $328,831 per year. Although the father testified that his earnings had decreased because he had been discharged from the company he worked for in 2005 and part of 2006, the Family Court's decision to base his support obligation on an imputed income higher than his 2007 salary was supported by evidence of his past employment history and demonstrated earning capacity (*see Matter of Maharaj-Ellis v Laroche,* 54 AD3d 677 [2008]; *Matter of Solis v Marmolejos,* 50

AD3d 691, 692 [2008]; *Fruchter v Fruchter*, 29 AD3d 942, 943 [2006]; *Bittner v Bittner*, 296 AD2d 516, 517 [2002]). Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.