In the Matter of LAURA A. TOSQUES, Appellant, v RUSSELL L. PONYICKY, Respondent. [933 NYS2d 579]—

Family Court Act § 440 (1) (a) provides that when an order of support is to be enforced by the support collection unit (hereinafter the SCU), the Family Court must establish the amount of retroactive support and notify the parties that the SCU will enforce that amount "pursuant to an execution for support enforcement as provided for in [CPLR 5241 (b)], or in such periodic payments as would have been authorized had such an execution been issued" (Family Ct Act § 440 [1] [a]). The statute further provides that in such case, "the court shall not direct the schedule of repayment of retroactive support" (*id.*; *see Matter of Commissioner of Social Servs. of City of N.Y. v Daryl S.*, 235 AD2d 126, 131 [1997]). Here, the Support Magistrate's order of support dated July 13, 2010, and amended order of support dated November 24, 2010, directed that such orders would be enforced by the SCU. The mother correctly contends that the Support Magistrate erred in setting a payment schedule for retroactive support rather than establishing the amount of retroactive support owed and allowing the SCU to establish such a schedule pursuant to CPLR 5241 (b). Accordingly, the Family Court should have granted her objections to those portions of the orders that set a payment schedule for retroactive support.

Contrary to the mother's contention, however, the Support Magistrate providently exercised her discretion in imputing income to the mother based on her earning capacity (*see Matter of Rohme v Burns*, 79 AD3d 756, 757 [2010]; *Matter of Kennedy v Ventimiglia*, 73 AD3d 1066, 1067 [2010]; *Matter of Maharaj-Ellis v Laroche*, 54 AD3d 677 [2008]). Accordingly, the Family Court properly denied her objections to so much of the orders as imputed income to her based on her earning capacity.

The mother's contention that the Support Magistrate erred in directing the issuance of an income deduction rather than an income execution is not properly before this Court, as it was not raised in her objections to the Support Magistrate's orders (*see Matter of Betancourt v Betancourt*, 71 AD3d 764, 765 [2010]).

The mother's remaining contentions are without merit. Mastro, J.P., Florio, Lott and Cohen, JJ., concur.