■ In the Matter of CLAUDETTE E. LANASA, Appellant, v LOUIS M. LANASA, Respondent. [942 NYS2d 889]—In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Cheng, J.), dated June 8, 2011, which denied her objections to so much of an order of the same court (Grier, S.M.), dated February 8, 2011, as granted the father's petition for a downward modification of his child support obligation so as to reduce his child support obligation to the sum of $452 per month.

Ordered that the order dated June 8, 2011, is affirmed, without costs or disbursements.

In an order dated February 8, 2011, a Support Magistrate, inter alia, granted the father's petition for a downward modification of his child support obligation based on the fact that one of the subject children was now residing with the father, and recalculated the father's child support obligation pursuant to the Child Support Standards Act guidelines (*see* Domestic Relations Law § 240 [1-b]). In an order dated June 8, 2011, the Family Court denied the mother's objections to that portion of the Support Magistrate's order.

The Family Court properly denied the mother's objections to the Support Magistrate's order. Contrary to the mother's contention, the Support Magistrate providently exercised its discretion in imputing income to her based on her earning capacity (*see Matter of Tosques v Ponyicky*, 89 AD3d 1097, 1098 [2011]; *Matter of Rohme v Burns*, 79 AD3d 756, 757 [2010]; *Matter of Azrak v Azrak*, 60 AD3d 937, 938 [2009]).

The mother's remaining contention is not properly before

this Court, as it was not raised in her objections to the Support Magistrate's order (see *Matter of Tosques v Ponyicky*, 89 AD3d at 1098; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946, 947 [2011], *lv denied* 18 NY3d 809 [2012]; *Matter of Hicks v Hicks*, 87 AD3d 1143 [2011]). Rivera, J.P., Hall, Lott and Austin, JJ., concur.