■ In the Matter of BERTA ALICIA BUSTAMANTE, Respondent, v PATRICK F. DONAWA, Appellant. [987 NYS2d 889]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Katz, J.), dated December 11, 2012, which denied his objections to an order of the same court (Palos, S.M.), dated August 28, 2012, which, after a hearing, granted the mother's petition for an upward modification of his child support obligation set forth in an amended child support order dated August 4, 2008.

Ordered that the order dated December 11, 2012, is affirmed, with costs.

The father contends that the Support Magistrate erred in basing his support obligation for the couple's child on an annual income of $54,342, as reflected in his 2011 tax returns arising out of his former occupation as a Traffic Device Maintainer, rather than on his annual income of $31,756.40, as reflected in his most recent pay stub arising out of his current occupation as an Emergency Medical Technician. The father's contention is without merit.

"The level of child support is determined by the parents' ability to provide for their children rather than their current eco-

nomic situation" (*Signorile v Signorile*, 102 AD3d 949, 951 [2013]; *see Gorelik v Gorelik*, 71 AD3d 730, 731 [2010]; *Bigler v Bigler*, 299 AD2d 435, 436 [2002]; *Matter of Zwick v Kulhan*, 226 AD2d 734 [1996]). "The court is not required to rely on a party's account of his or her finances, and may instead impute income based on the party's past income or demonstrated earning potential" (*Siskind v Siskind*, 89 AD3d 832, 834 [2011]). " 'A support magistrate is afforded considerable discretion in determining whether to impute income to a parent . . . and that determination may properly be based upon a parent's prior employment experience' " (*Matter of Genender v Genender*, 51 AD3d 669, 670 [2008], quoting *Matter of Bibicoff v Orfanakis*, 48 AD3d 680, 681 [2008]; *see Morille-Hinds v Hinds*, 87 AD3d 526, 528 [2011]; *Matter of Gebaide v McGoldrick*, 74 AD3d 966, 967 [2010]; *Matter of Moran v Grillo*, 44 AD3d 859, 861 [2007]; *Matter of Thompson v Perez*, 42 AD3d 503, 504 [2007]).

Under the circumstances of this case, it was appropriate to impute income where, as here, the father voluntarily left his employment (*see Goddard v Goddard*, 256 AD2d 545, 546 [1998]; *Matter of Diamond v Diamond*, 254 AD2d 288, 289 [1998]; *Matter of Prill v Mandell*, 237 AD2d 445, 446 [1997]). "While a parent is entitled to attempt to improve his vocation, his children should not be expected to subsidize his decision" (*Matter of Doyle v Doyle*, 230 AD2d 795, 796 [1996]; *see Matter of Yourman v Yourman*, 216 AD2d 308, 308-309 [1995]; *Alfano v Alfano*, 151 AD2d 530, 531 [1989]).

The Support Magistrate providently exercised his discretion in imputing income to the father based on his earning capacity (*see Matter of Lanasa v Lanasa*, 95 AD3d 890 [2012]; *Matter of Moran v Grillo*, 44 AD3d at 861). Accordingly, the Family Court properly denied his objections to the order dated August 28, 2012, which granted the mother's petition for an upward modification of his child support obligation (*see Matter of Tosques v Ponyicky*, 89 AD3d 1097, 1098 [2011]). Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.