In the Matter of BELGICA RIPLEY, Respondent, v PATRICK VALENCIA, Appellant. [24 NYS3d 527]—

Appeal from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated November 20, 2014. The order denied the father's objections to so much of an order of support of that court (Kathleen Watson, S.M.), dated May 9, 2014, as, after a hearing, granted that branch of the mother's petition which was for child care expenses and awarded such expenses retroactive to September 18, 2013.

Ordered that the order dated November 20, 2014, is affirmed, without costs or disbursements.

The parties have one child in common. The mother commenced this proceeding pursuant to Family Court Act article 4 for child support. In an order dated May 9, 2014, a Support Magistrate, after a hearing, granted that branch of the mother's petition which was for child care expenses and awarded such expenses retroactive to September 18, 2013. In the order appealed from, the Family Court denied the father's objections to so much of the support magistrate's order as related to child care expenses. The father appeals.

"Where the custodial parent is working . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income" (Family Ct Act § 413 [1] [c] [4]).

Here, the Family Court properly denied the father's objections to the Support Magistrate's order regarding the computa-

tion of his pro rata share of the child care expenses incurred by the mother while she is working (*see* Family Ct Act § 413 [1] [c] [4]; *Matter of Chiulli v Storms*, 50 AD3d 788 [2008]; *Matter of Bibicoff v Orfanakis*, 48 AD3d 680 [2008]; *see also Matter of Lewis v Redhead*, 5 AD3d 600 [2004]) and for payment of such child care expenses retroactive to the date of the filing of the child support petition (*see* Family Ct Act § 449 [2]; *Matter of Brescia v Fitts*, 89 AD2d 894 [1982]). Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.