In the Matter of SHIRAN BARMOHA, Respondent, v ROMAN EISAYEV, Appellant. [45 NYS3d 566]—

Appeal from an order of the Family Court, Kings County (Robert D. Mulroy, J.), dated August 10, 2015. The order denied the father's objections to an order of that court (Michael R. Milsap, S.M.), dated February 11, 2015, which directed him to pay basic child support, and to an order of that court (Mirna Mompelas, S.M.), dated April 24, 2015, which directed him to pay child care costs.

Ordered that the order dated August 10, 2015, is affirmed, with costs.

In support proceedings, the support magistrate is required to begin the support calculation with the parent's gross income "as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]). The support magistrate is afforded considerable discretion in determining whether to impute income to a parent, rather than relying on a party's account of his or her finances (*see* Family Ct Act § 413 [1] [B] [5] [v]; *Matter of Kameneva v Hughes*, 138 AD3d 854, 855 [2016]; *Matter of Bustamante v Donawa*, 119 AD3d 559, 560 [2014]; *Siskind v Siskind*, 89 AD3d 832, 834 [2011]). The support magistrate is not bound by a party's version of his or her finances or financial documentation (*see Matter of Barnett v Ruotolo*, 49 AD3d 640 [2008]). "The court is also permitted to consider current income figures for the tax year not yet completed" (*Matter of Azrak v Azrak*, 60 AD3d 937, 938 [2009]; *see Matter of Lynn v Kroenung*, 97 AD3d 822 [2012]). The support magistrate's determinations of credibility are accorded great weight on appeal (*see Diaz v*

*Diaz*, 129 AD3d 658, 659 [2015]; *Matter of Toumazatos v Toumazatos*, 125 AD3d 870 [2015]; *Matter of Martin v Cooper*, 96 AD3d 849 [2012]).

Here, the Support Magistrate providently exercised her discretion in determining the father's income based on personal and corporate tax returns, and imputing income based on the following year's salary. This determination was supported by the record and should not be disturbed on appeal (*see Matter of Kameneva v Hughes*, 138 AD3d at 855).

The Support Magistrate was presented with enough evidence to determine the father's gross income, including income imputed to the father, and, thus, properly calculated the father's child support obligation based on the statutory formula rather than the needs of the child (*see* Family Ct Act § 413 [1] [k]; *Matter of Graves v Smith*, 284 AD2d 332, 333 [2001]).

The mother's testimony, as well as submission of proof of her payment of the monthly bill for the tuition for day care in the form of a letter from the child's day care provider, was sufficient evidence of the costs of child care expenses (*see Martin v Martin*, 92 AD3d 646 [2012]; *Matter of Lewis v Redhead*, 5 AD3d 600, 601 [2004]; *Matter of Jones v Jones*, 239 AD2d 419, 420 [1997]).

Accordingly, the Family Court properly denied the father's objections to the orders of the Support Magistrates. Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.