Matter of Feliciano v Elghouayel (2018 NY Slip Op 06012)





Matter of Feliciano v Elghouayel


2018 NY Slip Op 06012


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-05379
 (Docket No. F-17255-15)

[*1]In the Matter of Nurys N. Feliciano, respondent, 
v
Amine Elghouayel, appellant.


Amine Elghouayel, New York, NY, appellant pro se.



DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Ann Elizabeth O'Shea, J.), dated March 30, 2017. The order denied the father's objections to an order of the same court (Nicholas J. Palos, S.M.), dated September 1, 2016, as amended by an order of the same court (Nicholas J. Palos, S.M.), dated November 30, 2016, which, inter alia, directed the father to pay child support in the sum of $200 per month and 63% of unreimbursed health-related expenses for the subject child.
ORDERED that the order dated March 30, 2017, is affirmed, without costs or disbursements.
The parties were never married and have one child together. In July 2015, the mother filed a petition for child support. In an order dated September 1, 2016, the Support Magistrate directed the father to pay $200 per month in basic child support, retroactive to the date of the petition, and 63% of the subject child's unreimbursed health-related expenses. In determining the father's income, the Support Magistrate relied on the income reported on the father's 2015 tax return, and, in effect, imputed income to the father based upon money that he earned for tutoring students from January through July 2016.
In September 2016, the father moved for leave to reargue, or, in the alternative, to vacate the order dated September 1, 2016, contending, inter alia, that the order erroneously stated that he had defaulted by failing to appear in court or answer the petition after having been properly served. In an order dated November 30, 2016, the Support Magistrate, in effect, granted that branch of the father's motion which was for leave to reargue to the extent of, upon reargument, striking so much of the order dated September 1, 2016, as indicated that the father defaulted. The Support Magistrate denied the remaining branches of the father's motion.
In December 2016, the father filed objections, in effect, to the order dated November 30, 2016. The father argued, inter alia, that the Support Magistrate erred in considering any income he earned in 2016 and should have relied solely on his 2015 tax return to determine his income. In an order dated March 30, 2017, the Family Court, among other things, denied the father's objections to the Support Magistrate's calculation of the father's income, which resulted in his child support obligation and his pro rata share of the subject child's unreimbursed health-related expenses. The father appeals. We affirm.
In child support proceedings, the support magistrate is required to begin the support calculation with the parent's gross income "as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413[1][b][5][i]). However, " [t]he level of child support is determined by the parents' ability to provide for their children'" (Matter of Monti v DiBedendetto, 151 AD3d 864, 866, quoting Signorile v Signorile, 102 AD3d 949, 951). In assessing this ability, the support magistrate is afforded considerable discretion in determining whether to impute income to a parent based upon the parent's past income or demonstrated future potential earnings, rather than relying on the parent's account of his or her finances (see Matter of Barmoha v Eisayev, 146 AD3d 946, 946; Matter of Napoli v Koller, 140 AD3d 1070, 1071; Matter of Huddleston v Rufrano, 98 AD3d 1046, 1047; Wesche v Wesche, 77 AD3d 921, 923). " The court is also permitted to consider current income figures for the tax year not yet completed'" (Matter of Barmoha v Eisayev, 146 AD3d at 946, quoting Matter of Azrak v Azrak, 60 AD3d 937, 938; see Matter of Lynn v Kroenung, 97 AD3d 822).
Here, under the circumstances, the Support Magistrate providently exercised his discretion in calculating the father's income based upon his 2015 tax return and by, in effect, imputing income to the father based upon income that he earned in the first half of 2016 (see Matter of Barmoha v Eisayev, 146 AD3d at 947; Matter of Azrak v Azrak, 60 AD3d at 938; Matter of Culhane v Holt, 28 AD3d 251). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's calculation of his income and his pro rata share of the subject child's unreimbursed health-related expenses.
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court