Matter of Vela v Land-Wheatley (2018 NY Slip Op 06747)





Matter of Vela v Land-Wheatley


2018 NY Slip Op 06747


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-11212
 (Docket No. F-3639-14)

[*1]In the Matter of Anali L. Vela, respondent,
v
Ronald Land-Wheatley, appellant.


Ronald Land-Wheatley, Freeport, NY, appellant pro se.



DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Patricia Bannon, S.M.), dated June 8, 2016. The order, insofar as appealed from, upon a decision of the same court dated May 27, 2016, made after a hearing, inter alia, directed the father to pay the sum of $356 per week in child support and $100 per week in child support arrears.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother filed a petition seeking an order of support against the father for the parties' two minor children. Following a hearing, the Support Magistrate imputed annual income of $80,000 to the father and directed him to pay weekly child support in the sum of $356 and child support arrears in the sum of $100 per week. The father appeals, contending, among other things, that the imputation of income was improper and that he cannot afford the challenged child support payments based on his current financial situation.
"The level of child support is determined by the parents' ability to provide for their children rather than their current economic situation" (Signorile v Signorile, 102 AD3d 949, 951). Accordingly, in making a child support determination, a Support Magistrate who finds that a party's account of his or her finances is not credible or is suspect may impute income to that party based on his or her employment history, earning capacity, and educational background (see Matter of Rohme v Burns, 92 AD3d 946, 947; Calciano v Calciano, 45 AD3d 515, 516; Matter of Moran v Grillo, 44 AD3d 859, 861). "A Support Magistrate is afforded considerable discretion in determining whether to impute income to a parent" (Matter of Julianska v Majewski, 78 AD3d 1182, 1183), and that determination may properly be based upon a parent's prior employment history (see Matter of Bustamante v Donawa, 119 AD3d 559, 560).
Under the circumstances of this case, where the father's testimony on the subject of his income was not credible, but instead was suspect, vague, and contradictory (see Matter of Rohme v Burns, 92 AD3d at 947; Mosso v Mosso, 84 AD3d 757, 759; Lilikakis v Lilikakis, 308 AD2d 435, 436), the Support Magistrate providently exercised her discretion in imputing an annual income of $80,000 to the father in calculating his child support obligation based on his prior employment history and high earnings in the mortgage loan industry (see Matter of Bustamante v Donawa, 119 AD3d at 560; Matter of Lorys v Powell, 116 AD3d 1047, 1048).
The father's remaining contentions are without merit.
Accordingly, we discern no basis to disturb the challenged child support award.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court