Matter of Pierre v Hernandez (2020 NY Slip Op 01506)





Matter of Pierre v Hernandez


2020 NY Slip Op 01506


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2019-02704
 (Docket No. F-592-18)

[*1]In the Matter of Altagrace Paul Pierre, respondent,
v
Franklyn Benjamin Hernandez, appellant.


Pamela D. Hayes, New York, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated February 14, 2019. The order denied the father's objections to an order of the same court (Nicholas J. Palos, S.M.) dated November 9, 2018, which, after a hearing, inter alia, in effect, granted the mother's petition seeking child support and directed him to pay child support in the sum of $738 per month.
ORDERED that the order dated February 14, 2019, is affirmed, without costs or disbursements.
The parties have one child together. In January 2018, the mother filed a petition seeking child support. After a hearing, the Support Magistrate found that the father failed to substantiate his income and imputed income to him. In an order dated November 9, 2018, the Support Magistrate, inter alia, in effect, granted the mother's petition and directed the father to pay child support in the sum of $738 per month. The father filed objections to the Support Magistrate's order. In an order dated February 14, 2019, the Family Court denied the father's objections. The father appeals.
"The support magistrate is not bound by a party's version of his or her finances or financial documentation" (Matter of Barmoha v Eisayev, 146 AD3d 946, 946; see Matter of McVea v McVea, 176 AD3d 822, 822), and "[g]reat deference should be given to the credibility determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (Matter of Toumazatos v Toumazatos, 125 AD3d 870, 870-871; see Matter of Wei-Fisher v Michael, 155 AD3d 883, 884). Here, the record supports the Support Magistrate's determination to impute income to the father for the purpose of making a child support award. In addition, we agree with the Family Court's determination to decline to consider certain assertions made by the father in support of his objections, allegedly establishing that his monthly household expenses do not exceed the household's total monthly income, since they were not supported by any evidence offered at the hearing before the Support Magistrate (see Matter of Brandon v Lopez, 174 AD3d 706, 707; Matter of Loveless v Goldbloom, 141 AD3d 662, 663; Matter of Korosh v Korosh, 99 AD3d 909, 910; Matter of Carene S. v Kendall S., 96 AD3d 767, 768).
The father's remaining contentions are not properly before this Court, as they were not raised in his objections to the Support Magistrate's order (see Matter of Heintzman v Heintzman, 157 AD3d 682, 690; Matter of Hall v Pancho, 149 AD3d 735, 738-739; Matter of Feng Lucy Luo [*2]v Yang, 89 AD3d 946, 947). Accordingly, we agree with the Family Court's denial of the father's objections to the Support Magistrate's order.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court