N.B. v J.D. (2024 NY Slip Op 51684(U))

[*1]

N.B. v J.D.

2024 NY Slip Op 51684(U)

Decided on December 10, 2024

Supreme Court, Kings County

Sunshine, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 10, 2024
Supreme Court, Kings County

N.B., Plaintiff,

against
J.D., Defendant.

Index No. XXXXX

(Counsels via NYSCEF) 
Gail I. Bader, Esq.
Attorney for the Plaintiff

Cindy Nicola Brown, Esq.
Attorney for Defendant 

Jennifer Marshall, Esq.
Attorney for the Child

Jeffrey S. Sunshine, J.

Plaintiff filed an order to show cause seeking pendente lite relief dated November 8, 2024 [NYSCEF #69-97]. Defendant filed opposition dated November 27, 2024 [NYSCEF #112-120]. Plaintiff filed a reply dated December 2, 2024 [NYSCEF #141]. The court heard oral argument on the record on December 3, 2024. The issue of custody and parenting time was resolved by stipulation between the parties on December 5, 2024 after the court started the trial.
The plaintiff-mother is forty-four (44) years old and lives in Brooklyn with the [*2]parties' son, who is six (6) years old. The defendant-father is forty-three (43) years old left the marital residence in August 2023 and moved to Australia where he is employed.
Child Support Standards Act
Effective January 31, 2010," [t]he court shall multiply the combined parental income up to the amount set forth in paragraph (b) of subdivision two of section one hundred eleven-I of the social services law by the appropriate child support percentage and such amount shall be prorated in the same proportion as each parent's income is to the combined parental income." (DRL 240 1—b [c][2]). The Social Services law states that:
[t]he combined parental income amount to be reported in the child support standards chart and utilized in calculating orders of child support in accordance with subparagraph two of paragraph (c) of subdivision one of section four hundred thirteen of the family court act and subparagraph two of paragraph (c) of subdivision one-b of section two hundred forty of the domestic relations law shall be one hundred thirty thousand dollars; provided, however, beginning January thirty-first, two thousand twelve and every two years thereafter, the combined parental income amount shall increase by the product of the average annual percentage changes in the consumer price index for all urban consumers (CPIU) as published by the United States department of labor bureau of labor statistics for the two year period rounded to the nearest one thousand dollars.
(Social Services Law § 111—I[2][b]).
Domestic Relations Law section 240 1—b (b)(5)(iii) further defines gross income. "[T]o the extent not already included in gross income in clauses (I) and (ii) of this subparagraph, the amount of income or compensation voluntarily deferred and income received, if any, from the following sources:
(A) workers' compensation,
(B) disability benefits,
(C) unemployment insurance benefits,
(D) social security benefits,
(E) veteran's benefits,
(F) pensions and retirement benefits,
(G) fellowships and stipends, and
(H) annuity payments;"
In determining a party's child support obligation, the Court need not rely upon a party's own account of his or her finances, but may impute income based upon the parties' past income or demonstrated earning potential or on the income the parent is capable of earning "by honest efforts" (Morille—Hinds v. Hinds, 87 AD3d 526, 928 N.Y.S.2d 727 [2 Dept., 2011]; see also Aslam v Younas, 198 AD3d 747 [2 Dept.,2021]; Genender v. Genender, 40 AD3d 994, 836 N.Y.S.2d 291 [2 Dept., 2007]; Westenberger v. Westenberger 23 AD3d 571 [2 Dept., 2005]; Rocanello v. Rocanello, 254 AD2d 269, 678 N.Y.S.2d 385 [2 Dept., 1998]). This is particularly true where the record supports a finding that a parties' reported income on a tax return is suspect (see Ivani v. Ivani, 303 [*3]AD2d 639, 757 N.Y.S.2d 89 [2 Dept., 2003]; see also Maharaj—Ellis v. Laroche, 54 AD3d 677, 863 N.Y.S.2d 258 [2 Dept., 2008]; Matter of Graves v. Smith, 284 AD2d 332, 725 N.Y.S.2d 367 [2 Dept.,2001]).
Further, it is well-established that the court can award child support based on the needs of the child where the court finds that a payor spouse's representations regarding income are not credible (see Domestic Relations Law § 240[1—b][k]; see also Halley-Boyce v Boyce, 108 AD3d 503 [2 Dept.,2013]; Lew v. Lew, 82 AD3d 1171, 920 N.Y.S.2d 230 [2 Dept., 2011]; Evans v. Evans, 57 AD3d 718, 870 N.Y.S.2d 394 [2 Dept., 2008]).
Domestic Relations Law 240 1—b (b)(5)(iv) states that "... at the discretion of the court, the court may attribute or impute income from, such other resources as may be available to the parent, including, but not limited to:
(A) non-income producing assets,
(B) meals, lodging, memberships, automobiles or other perquisites that are provided as part of compensation for employment to the extent that such perquisites constitute expenditures for personal use, or which expenditures directly or indirectly ... confer personal economic benefits,
(C) fringe benefits provided as part of compensation for employment, and
(D) money, goods, or services provided by relatives and friends;
The Court next multiplies the combined parental income figure up to an initial statutory cap, which is currently combined parental income up to the current cap of $183,000.00 [FN1]
, by a designated percentage based on the number of children to be supported, and then allocates that amount between the parents, applying each parent's respective portion of the total income to reach the amount of each parent's support obligation (see Holterman v. Holterman, 3 NY3d at 11, 781 N.Y.S.2d 458, 814 N.E.2d 765, supra, quoting DRL 240[1—b][b][3]; [c][2] ). In the final step, where combined parental income exceeds the statutory cap, "the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the factors set forth in paragraph (f) of [Domestic Relations Law § 240(1—b)] and/or the child support percentage" (id).
The "paragraph (f)" factors include the financial resources of the parents and child, the health of the child and any special needs, the standard of living the child would have had if the marriage had not ended, tax consequences, non-monetary contributions of the parents toward the child, the educational needs of the parents, the disparity in the parents' incomes, the needs of other nonparty children receiving support from one of the parents, extraordinary expenses incurred in exercising visitation and any other factors the Court determines are relevant.
Finally, the Court is required to articulate its reasons for awarding child support in [*4]addition to basic child support above the statutory cap (see Wallach v. Wallach, 37 AD3d 707, 831 N.Y.S.2d 210 [2 Dept., 2007], quoting Matter of Cassano v. Cassano, 85 NY2d 649, 654—655, 628 N.Y.S.2d 10, 651 N.E.2d 878, supra; see also Clerkin v. Clerkin, 304 AD2d 784, 759 N.Y.S.2d 500 [2 Dept., 2003]; Wagner v. Dunetz, 295 AD2d 501, 744 N.Y.S.2d 344 [2 Dept., 2002]) otherwise, child support is awarded on the full combined parental income less the statutory deductions as detailed above (see generally Charap v Willett, 84 AD3d 1000, 924 NYS2d 433 [2 Dept.,2011]; Beroza v Hendler, 109 AD3d 498, 970 NYS2d 313 [2 Dept.,2013]; Doscher v Doscher, 137 AD3d 962, 27 NYS3d 231 [2 Dept.,2016]).
The court has determined, based upon the papers provided and the oral argument on the record dated December 3, 2024, that the defendant's contribution to Medicare in Australia is not deductible from income under the CSSA. Under the CSSA, payment to Medicare tax is deductible from gross income but the CSSA does not allow a party to deduct the cost of health insurance from gross income [see DRL240(1-b)(5)(vii); see also generally Schmidt v Schmidt, 264 AD2d 770 [2 Dept.,1999]. 
As conceded on the record, payments to Medicare in Australia are equivalent to payment for health insurance in the United States. Thus, it is appropriate to deduct Medicare from plaintiff's gross income and not to deduct her health insurance costs from her income for the purposes of calculating her basic child support obligation under the CSSA. Similarly, it would be inappropriate to deduct the defendant's Medicare payment (which is a form of health insurance payment in Australia) from his income for the purposes of calculating his basic CSSA child support obligation under these circumstances. As such, the parties' incomes as defined by the CSSA and agreed to on the record are: plaintiff, $161.765.48 [FN2]
; defendant, $96,822. The total combined parental income is $258,587.48. The statutory cap presently in effect is $183,000 [Social Security Law 111-i(2)(b)]. 
The Court rejects plaintiff's contention, at this time, as it relates to child support being paid above the cap. Plaintiff argues that, because the child is with her most of the time, given that defendant resides permanently in Australia, she has increased costs and, as such, there should be a calculation of child support on the parties entire combined parental income which exceeds the statutory cap. The defendant argues that there should be no calculation above the cap and that any award of child support to the plaintiff should be a downward deviation from the CSSA calculation because he must travel from Australia to New York or pay for transportation for the child to travel to Australia to have parenting time with the child (see generally Cassano v Cassano, 111 AD2d 208 [1985]).
The court, at this juncture, pendente lite denies both parties' applications to deviate — upward or downward  from the CSSA calculation up to the cap prior to trial. The "proper remedy for any perceived inequality in a pendente lite award is a speedy trial" [*5](Silla v Silla, 228 AD3d 969, 971 [2 Dept.,2024]). The parties' contentions related to upward or downward deviation from the cap are referred to the trial court.
The plaintiff's income for the purposes of child support is $161,765.48 ($179,400 less FICA/social security [$11,992.68] and NYC taxes [$5,641.84] = $161,765.48) and defendant's income is $96,822.00.[FN3]
The total combined adjusted CSSA child support income is: $258,587.48 ($161,765.48 + $96,822.00 = $258,587.48).
The basic child support calculation is $183,000. Using combined income to the current child support statutory cap, which is $183,000 at 17% (for one child)= $183,000 x .17 = $31,110 total child support annually.
The plaintiff's pro rata share = 62.56% or $$19,461.59 annually ($1,621.80 monthly) and the defendant's pro rata share = 37.44% or $11,648.41 annually ($970.70 monthly).
Thus, the defendant's child support obligation to the plaintiff pendente lite shall be $970.70 monthly for the one (1) unemancipated child. Commencing on the 15th day of December, 2024 and continuing on the 15th day of each month thereafter retroactive to the date of the pendente lite application (November 8, 2024 [NYSCEF #69]) with a credit for actual payments made since that date.
The arrears shall be paid by defendant together with his basic child support payment with the January 15, 2025 child support payment to provide him with more than thirty (30) days to pay those arrears. Payment shall be in United States Dollars and transmitted electronically from defendant to plaintiff. Defendant shall be entitled to a credit for any temporary child support payments already made by check or other negotiable instrument to plaintiff, since November 8, 2024, the date of defendant's first application for pendente lite relief (see Domestic Relations Law § 236 [B][6][a]); see also Mosso v. Mosso, 84 AD3d 757, 924 N.Y.S.2d 394 [2 Dept.,2011]). 
Plaintiff's application for arrears retroactive to the date of commencement (June 26, 2023 [NYSCEF #1]) is referred to the trial court to make a final award of retroactive child support after the financial trial subject to testimony and evidence at trial particularly where the defendant asserts that, until recently, he has been unemployed and the plaintiff challenges why he was not working (see Domestic Relations Law § 236 [B][6][a]).
Healthcare Costs
The plaintiff represented that her total contribution to health and dental insurance is $403.02 monthly and that she is seeking defendant to pay a pro rata share of the portion covering the child which, she contends, would be $69.48 monthly [NYSCEF #70]. She also seeks the sum of $81.87 monthly from defendant which she contends represents his pro rata share of unreimbursed medical expenses for the child.
Medical and dental insurance coverage for the benefit of the unemancipated child as well as all reasonable unreimbursed, medical, dental, optical, therapeutic and prescription drug [*6]expenses incurred for the parties' child, including all deductibles and co-payments shall be apportioned pro rate: plaintiff, 62.56%; defendant, 37.44% [see DRL 240(1)(d)]. The parties are directed to utilized in-network health care providers were possible unless it was the practice of the parties to use out-of-network health care providers for the child during the marriage.
The plaintiff shall provide the defendant with documentation as to the monthly cost of the health insurance together with documentary proof of the plan's monthly premium costs for individual coverage and family coverage: the child's portion shall be calculated as the difference between the cost of the family plan for one (1) child and the cost of an individual plan for the health insurance that plaintiff already provides for the child. The defendant shall provide his pro rata share of the child's portion of the cost to the plaintiff with his basic child support payment each month. 
Each month, the plaintiff shall provide the defendant with an accounting of unreimbursed medical costs, together with receipts and proof of payment by the 1st day of each month and the defendant shall provide his pro rata share of those expenses to the plaintiff with his next monthly child support payment on the 15th of the month. All requests for reimbursement shall be made by e-mail.
Childcare Costs
Plaintiff seeks a pendente lite award of child care expenses in the sum of $602.10 monthly. Defendant opposes plaintiff's request for pro rata contribution to childcare costs she incurs to work which, she contends include extracurricular and after-school activities and babysitter costs. He contends that the court should not award any pro rata responsibility to him for these costs because 1) the extracurricular and after-care activities expenses incurred by plaintiff are not child care expenses and therefore should not be calculated as a statutory pro rata expense and that they are excessive based on the receipts provided for these costs and 2) that the costs asserted for the babysitter should also be rejected because there are no receipts attached. Plaintiff asserts that the extracurricular activities are a form of childcare and that the costs incurred are reasonable. At oral argument, plaintiff conceded that she had no receipts for babysitters because she pays the babysitters in cash. The father also asserts that there are "friends" who could watch the child.
Defendant, who contends that he was unemployed until recently, provided no direct child support to plaintiff since the commencement of this action in June 2023 and only provided approximately $850 in financial support the day before the trial on custody commenced. Defendant's contention that he occasionally purchased clothes and toys for the child during parenting time does not obviate his obligation to pay direct basic child support (see generally LiGreci v LiGreci, 87 AD3d 722, 929 NYS2d 253 [2 Dept.,2011]). 
Thus, defendant argues, in effect, that extracurricular costs are not childcare and that they are excessive where plaintiff provided receipts and argues that he should not be obligated to contribute toward the costs associated with any babysitters because there are no receipts. The logic of that argument is questionable. The plaintiff is employed full-[*7]time and, until now, she has been the sole financially supporter of this child and the only parent in New York providing day-to-day physical support to the child while defendant resides permanently in Australia. 
The CSSA is clear that child-care costs incurred so that a parent can work is a statutory add-on expense (see generally Ripley v Valencia, 136 AD3d 831, 24 NYS3d 527 [2 Dept., 2016]). As such, the plaintiff is awarded childcare expenses pro rata: plaintiff, 62.56%; defendant, 37.44%. The court rejects the contention that after school activities or babysitting costs while the mother is working are not covered expenses and defendant's assertion at oral argument that there are friends that could watch the child are inconsistent with the purpose of the CSSA especially where both parties are employed. Thus, reasonable after school activity and summer camp fees while the mother is working or traveling to and from work are determined to be childcare costs. Additionally, babysitting costs where there is a receipt or an affirmation from the provider can also be considered as childcare costs. Plaintiff will have an opportunity to present any such proof together with any claim for retroactive childcare costs back to the date of commencement at the time of trial together with retroactive basic child support predating the pendente lite application.
Here, the plaintiff provided numerous receipts for after care programs retroactive to the date of commencement but there is a claim by the defendant that he was unemployed for a large portion of the time from the date of commencement until quite recently. The parties make cross allegations about whether that unemployment was voluntarily or not. The court has only determined the parties' incomes and pro rata responsibility for statutory add-on expenses since the date of the pendente lite application. Inasmuch as the court will have to adjudicate the parties' incomes and pro rata shares retroactive from the date of commencement to the date of this application based upon the cross allegations as to income during that time the court refers the application for childcare expenses from the date of commencement to the date of the pendente lite application to the trial if not resolved by settlement between the parties prior.
For statutory add-on expenses from the date of application for pendente lite relief and until further order of the court, the plaintiff shall provide any requests for reimbursement together with receipts and proof of payment to the defendant by e-mail and the defendant shall pay to the plaintiff his pro rata share within ten (10) days of said notice.
This shall constitution the decision and order of the Court.
ENTER:
Hon. Jeffrey S. Sunshine
J. S. C.

Footnotes

Footnote 1:Social Security Law 111-i(2)(b).

Footnote 2:The court accepts, pendente lite, the plaintiff's representations as to her payments 2024 FICA and NYC taxes as delineated in her affidavit dated November 6, 2024 [NYSCEF #70].

Footnote 3:Defendant is employed and lives full-time in Australia and as such there is no deduction for payment of any FICA, Social Security tax and/or NYC taxes.