Matter of Adeshina v Adeshina (2026 NY Slip Op 01781)

Matter of Adeshina v Adeshina

2026 NY Slip Op 01781

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2025-03560
 (Docket No. F-17047-23)

[*1]In the Matter of Agezichi O. Adeshina, respondent,
vKayode Adeshina, appellant; Department of Social Services/OCSS, nonparty-respondent.

Kayode Adeshina, Hartford, Connecticut, appellant pro se.
Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Hanna L. St. Marie of counsel), for nonparty-respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Alan Beckoff, J.), dated March 5, 2025. The order denied the father's objections to an order of the same court (Jeffrey J. Estrella, S.M.) dated January 23, 2025, which, after a hearing, inter alia, directed him to pay child support in the sum of $205 per week.
ORDERED that the order dated March 5, 2025, is affirmed, without costs or disbursements.
In August 2023, the mother commenced this proceeding pursuant to Family Court Act article 4 against the father for child support for their four children. In an order dated January 23, 2025, the Support Magistrate, after a hearing, inter alia, directed the father to pay child support in the sum of $205 per week. The father filed objections to the Support Magistrate's order. In an order dated March 5, 2025, the Family Court denied the father's objections. The father appeals.
"In support proceedings, the support magistrate is required to begin the support calculation with the parent's gross income 'as should have been or should be reported in the most recent federal income tax return'" (Matter of Barmoha v Eisayev, 146 AD3d 946, 946, quoting Family Ct Act § 413[1][b][5][i]). "A parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation" (Nosratabdi v Aroni, 198 AD3d 976, 978 [internal quotation marks omitted]). "The support magistrate is not bound by a party's version of his or her finances or financial documentation" (Matter of Pierre v Hernandez, 181 AD3d 607, 608 [internal quotation marks omitted]). "Great deference should be given to the credibility determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (Matter of Martin v Cooper, 96 AD3d 849, 850 [internal quotation marks omitted]; see Matter of Barmoha v Eisayev, 146 AD3d at 946).
Here, the Family Court properly denied the father's objections to the Support Magistrate's order. The Support Magistrate properly calculated the father's income for purposes of calculating his child support obligation based on his gross income as reported in his 2024 tax return [*2](see Family Ct Act § 413[1][b][5][i]; Matter of Simpson v Cyrius, 220 AD3d 708, 709). Further, the court providently exercised its discretion in declining to reduce the father's support obligation due to his medical condition, as the father failed to provide competent medical evidence at the hearing to show that his alleged medical condition prevented him from working or reduced his earning capacity (see Matter of Lindor v Crowell, 216 AD3d 1094, 1094; Matter of Mikhlin v Giuffrida, 119 AD3d 692, 693).
The father's remaining contention is improperly raised for the first time in his reply brief (see Panzo v Keyspan Corp., 176 AD3d 961, 963).
BRATHWAITE NELSON, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court